UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

GREGORY CUCCHIARA,

                Plaintiff,

    v.                                                            9:18-CV-0605
                                                                    (DNH/TWD)

AUBURN CORRECTIONAL FACILITY,

                Defendant.
─────────────────────────────────────────

APPEARANCES:

GREGORY CUCCHIARA
16-A-0922
Plaintiff, pro se
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

      Pro se plaintiff Gregory Cucchiara ("Cucchiara" or "plaintiff") commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and a request for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 5 ("IFP Application").

      By Decision and Order filed June 21, 2018 (the "June Order"), Cucchiara's IFP application was granted and the complaint was reviewed in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 7. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be

1

granted. *See id.*

However, in light of his pro se status, Cucchiara was afforded an opportunity to submit an Amended Complaint. *See* Dkt. No. 7. Presently under consideration is plaintiff's Amended Complaint. Dkt. No. 8 ("Am. Compl.") and Dkt. Nos. 9 and 10 (submissions in support).[1]

## II. **LEGAL STANDARD**

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the June Order and will not be restated here. *See* Dkt. No. 4 at 2-4. Taking into account Cucchiara's pro se status, the allegations in the Amended Complaint will be construed with the utmost leniency. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

## III. **SUMMARY OF JUNE ORDER AND AMENDED COMPLAINT**

In the original complaint, Cucchiara identified Auburn Correctional Facility ("Auburn C.F.") as the only defendant and requested monetary damages. *See* Compl. *generally*. In the June Order, the Court dismissed the claims against Auburn C.F., with prejudice, based upon the Eleventh Amendment's grant of state sovereign immunity. *See* Dkt. No. 7 at 6.

In the Amended Complaint, Cucchiara adds the following defendants: Officer Pfluger ("Pfluger"), Officer/Sergeant Washweld ("Washweld"), Officer Raymond ("Raymond"), Officer

---

[1] On June 28, 2018, plaintiff filed an "Amended Complaint." Dkt. No. 8. On July 2, 2018, plaintiff filed a "list of defendants" and, on July 11, 2018, plaintiff filed a "submission in support of amended complaint." Dkt. Nos. 9 and 10. Given plaintiff's pro se status, these three submissions will be construed together as the Amended Complaint.

Besner ("Besner"), Officer/Lieutenant Abate ("Abate"), Officer Thomas ("Thomas"), Officer Saleh ("Saleh"), and Sergeant Vancastle ("Vancastle").[2]  The Amended Complaint does not include any claims against Auburn C.F.[3]

Cucchiara claims that Abate placed him in keeplock confinement due to "fraudulent ticketing" involving plaintiff's religious practices.  Dkt. No. 9 at 2; Dkt. No. 10 at 1.  During cell searches, Pfluger, Washweld, Raymond, Saleh, Vancastle, and Thomas destroyed and confiscated his religious property including "voodoo dolls," an "evil eye charm," the "book of shadows," and an "altar."  Dkt. No. 9 at 2; Dkt. No. 10 at 1, 2.  Besner, the officer assigned to the package room, damaged, withheld, and tampered with religious items including food, oils, and balms.[4]  Dkt. No. 9 at 2; Dkt. No. 10 at 1.

Construed liberally, the Amended Complaint contains claims for violations of Cucchiara's First, Fourteenth, and Fourth Amendment rights.[5]  *See* Am. Compl., *generally*.

## IV. ANALYSIS

### A. First Amendment

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

Prisoners have long been understood to retain some measure of the constitutional

---

[2] The Clerk of the Court is directed to add DOCCS as a defendant herein.

[3] The Clerk of the Court is directed to dismiss Auburn C.F. as a defendant.

[4] Plaintiff has not plead when or where the incidents occurred.

[5] The Amended Complaint does not contain any information related to the relief sought by Plaintiff.

3

protection afforded by the First Amendment's Free Exercise Clause. *See Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "Balanced against the constitutional protections afforded prison inmates, including the right to free exercise of religion, [however,] are the interests of prison officials charged with complex duties arising from administration of the penal system." *Id*. (citing *Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990)).

To state a First Amendment Free Exercise claim, a plaintiff must allege that (1) the practice asserted is religious in the person's scheme of beliefs, and that the belief is sincerely held; (2) the challenged practice of the prison officials infringes upon the religious belief; and (3) the challenged practice of the prison officials furthers some legitimate penological objective. *Farid v. Smith*, 850 F.2d 917, 926 (2d Cir.1988) (citations omitted).

A prisoner "must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." *Salahuddin v. Goord*, 467 F.3d 263, 274–75 (2d Cir. 2006) (citing *Ford*, 352 F.3d at 591).[6] A religious belief is "sincerely held" when the plaintiff subjectively, sincerely holds a particular belief that is religious in nature. *Ford*, 352 F.3d at 590. A prisoner's sincerely held religious belief is "substantially burdened" where "the state puts substantial pressure on an adherent to modify his behavior and to violate his

---

[6] The Second Circuit has yet to decide whether the "substantial burden" test survived the Supreme Court's decision in *Emp't Div. v. Smith*, 494 U.S 872, 887 (1990), in which the Court suggested that application of the test "puts courts in 'the unacceptable business of evaluating the relative merits of differing religious claims.'" *Ford*, 352 F.3d at 592 (quoting *Emp't Div.*, 494 U.S. at 887); *see also Williams v. Does*, 639 F. App'x 55, 56 (2d Cir. May 6, 2016) ("We have not yet decided whether a prisoner asserting a free-exercise claim must, as a threshold requirement, show that the disputed conduct substantially burdened his sincerely held religious beliefs."); *Holland v. Goord*, 758 F.3d 215, 220-21 (2d Cir. 2014) (declining to decide whether a prisoner must show, as a threshold matter, that the defendants' conduct substantially burdened his sincerely held religious beliefs in connection with a First Amendment free exercise claim). In the absence of any controlling precedent to the contrary, the substantial-burden test will be applied in this matter.

4

beliefs." *Jolly v. Coughlin*, 76 F.3d 468, 476–77 (2d Cir.1996).

Here, the Amended Complaint lacks facts to plausibly suggest Cucchiara's religious beliefs were "sincerely held" or that those beliefs were "substantially burdened." Indeed, plaintiff's religious affiliation is not even clearly plead. Moreover, plaintiff has not alleged facts related to when or for how long he was deprived of his right to practice this religion.

Instead, the Amended Complaint contains only vague accusations without any specified dates, times, or facts that might establishing how Cucchiara was burdened. These allegations, without more, fail to plausibly suggest that defendants burdened plaintiff's right to freely practice his religion. Thus, plaintiff's First Amendment religious claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### B. Fourteenth Amendment

In the prison context, it is well-established that the alleged destruction or loss of a plaintiff's personal property will not support a claim redressable under § 1983 if adequate post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

The deprivation of property does not constitute a Fourteenth Amendment violation because New York provides an adequate post-deprivation remedy in the Court of Claims with respect to property claims by prisoners. *See Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996).

Because Cucchiara has access to adequate state law remedies, he has not been deprived of property without due process of law and therefore cannot state a claim for relief pursuant to Section 1983. *See Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983) (per

5

curiam). Thus, plaintiff's Fourteenth Amendment claims related to his personal property are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### C. Fourth Amendment

The Fourth Amendment protects an individual's right "to be secure in [his or her] persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. CONST. amend. IV. Searches and seizures may be conducted if there exists probable cause to believe that a crime has been committed and that evidence of that crime is present on the person or premises to be searched.

The Fourth Amendment is inapplicable to the unwarranted search of an inmate's prison cell, as inmates have no reasonable expectation of privacy in such a place. *See Hudson*, 468 U.S. at 526 ("hold[ing] that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell . . ." and thus the Fourth Amendment does not apply to cell searches); *Demaio v. Mann*, 877 F.Supp. 89, 95 (N.D.N.Y. 1995) ("Searches of prison cells, even arbitrary searches, implicate no protected constitutional rights.") (citations omitted).

As a result, "[s]uch an unwarranted search could become a constitutional violation . . . only if it was conducted in retaliation for Plaintiff's exercise of a First Amendment right." *Brown v. Goord*, No. 04–CV–785, 2007 WL 607396, at *14 (N.D.N.Y. Feb. 20, 2007). Thus, because prisoners do not have a legitimate expectation of privacy in their prison cells, a cognizable claim exists here only if Cucchiara has alleged facts sufficient to support a retaliation claim.

He has not. Even assuming Cucchiara's religious practice was protected conduct, the Amended Complaint lacks facts related to when plaintiff engaged in the conduct, how defendants became aware of the conduct, or when the adverse action (i.e., cell searches or keeplock confinement) occurred. Thus, plaintiff has not pleaded a causal connection between any adverse action and protected conduct or facts to suggest that defendants were motivated to retaliate against him. Consequently, plaintiff's Fourth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## V. **LEAVE TO AMEND TO CURE DEFICIENCIES**

Ordinarily, a court should not dismiss a Complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); *see also* Fed.R.Civ.P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "[t]he problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters*, No. 95–CV–1641, 1997 WL 599355,

7

at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

Cucchiara has already been provided one opportunity to amend his complaint, and the deficiencies identified in the earlier decision have not been cured with the Amended Complaint. Accordingly, any further amendment would be futile.

## VI. CONCLUSION

Therefore, it is

ORDERED that

1. The Amended Complaint (Dkt. No. 8), and all supporting submissions (Dkt. Nos. 9 and 10) is accepted for filing and deemed the operative pleading;

2. The Clerk of the Court is directed to create a separate docket entry for the Amended Complaint;

3. The Clerk of the Court shall amend the docket report in accordance with this Order;

4. Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;

5. The Clerk is directed to close this case; and

6. The Clerk shall serve a copy of this Decision and Order on Plaintiff.

IT IS SO ORDERED.

Dated: July 19, 2018
Utica, New York.

United States District Judge